UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:05CV-820-H

THE LEXUS REAL ESTATE GROUP, INC.                                PLAINTIFFS
n.k.a. DEPOT LAND CORP., INC., AND
H. JAY SNIDER

V.

BULLITT COUNTY BANK                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This case arises from a mortgage and promissory note executed between the Lexus Real

Estate Group ("Lexus") and the Bullitt County Bank ("BCB"), for which Defendant H. Jay

Snider was the Guarantor.  After BCB obtained a default judgment against Lexus and Snider

(collectively the "Plaintiffs") in Indiana state court, Lexus and Snider now seek to pursue related

claim in federal court.  This Court must determine, therefore, whether or not the doctrine of *res

judicata* bars Lexus from pursuing its claims in this Court.

I.

The facts of the dispute underlying this case are somewhat convoluted.  A full description

of them is not necessary, however, to understand the legal principles pertinent to the issues here.

Briefly, BCB and Lexus entered into a loan agreement to finance a residential subdivision

development.  Apparently, a dispute developed between the parties, and Lexus failed to make

payments on its loan.  On August 4, 2004, BCB filed a foreclosure Complaint against Lexus and

Snider in Clark County Circuit Court in Indiana.  Eventually that court entered a default

judgment against Plaintiffs.  Plaintiffs (defendants in the Indiana action) appealed, claiming that

service of process was insufficient.  The Indiana Court of Appeals affirmed the default judgment.

Lexus and Snider then filed suit in federal court, alleging fraud, breach of fiduciary duty, and violation of the Anti-Tying Act.

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999).

## II.

BCB argues that the doctrine of *res judicata* bars all Plaintiffs' claims. First, Plaintiffs argue that *res judicata* cannot apply because the Indiana court failed to properly obtain proper service of process on Lexus. They contend that the Indiana Court of Appeals "held" that BCB failed to serve Plaintiffs properly. This argument, quite frankly, has no basis in truth. The Indiana Court of Appeals carefully considered the issues presented to it under Indiana law and while it expressed some reservations in dicta about the service of process against Lexus and Snider, it ultimately affirmed the default judgment entered by the trial court. Therefore, the default judgment entered is a valid judgment under Indiana law.

Next the Court must consider directly whether *res judicata* applies. Plaintiff is correct that Indiana *res judicata* principles apply to this case. *See Forry, Inc. v. Neundorfer*, 837 F.2d 259, 263 ("[T]he full faith and credit statute [28 U.S.C. § 1738] directs a federal court to apply the preclusion law of the state in which the prior judgment was rendered . . . .) (6th Cir. 1988) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). Under Indiana law,

> [f]our elements determine whether a judgment has *res judicata* effect: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was, or might have been, determined in the former suit; 3) the particular controversy previously adjudicated must have been between the parties to the present suit

or their privies; and 4) the judgment in the former suit must have been rendered on the merits.

*Cox v. Ind. Subcontractors Ass'n, Inc.*, 441 N.E.2d 222, 225 (Ind. Ct. App. 1982).  As to the first factor, there is no question that the Clark County Circuit Court was a court of competent jurisdiction.  As to the third factor, the parties in this suit are identical to those in the Indiana state action.  As to the fourth factor, under Indiana law, a default judgment is a judgment on the merits for the purposes of *res judicata*.  *See Eichenberger v. Eichenberger*, 743 N.E.2d 370, 374 (Ind. Ct. App. 2001).

The only remaining question is the second factor: whether the matters now in issue were, or might have been, determined in the former suit.  Under Indiana court rules,

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Ind. Rules of Procedure, Trial Rule 13(A).  "A compulsory counterclaim may be considered a matter which might have been litigated in the former controversy in which it should have been asserted, so that if the other elements of *res judicata* are present, namely, competent court, same parties, and judgment on the merits, the later assertion of the counterclaim is barred."

*Middelkamp v. Hanewich*, 364 N.E.2d 1024, 1034 (Ind. Ct. App. 1977).  Indiana courts have adopted the "logical relationship" test for ascertaining whether certain claims arose out of the same "transaction or occurrence" as other claims.  *See id.* at 1035 (citing *Moore v. N.Y. Cotton Exchange*, 270 U.S. 593 (1926)).  The term "transaction or occurrence" is given a broad interpretation by Indiana courts in the interests of judicial efficiency and the avoidance of duplicative litigation.  *Middelkamp*, 364 N.E.2d at 1035.  A logical relationship exists when the

3

counterclaim arises from the same "aggregate of operative facts" as the opposing party's claim. *Estate of McCullough v. McCullough*, 492 N.E.2d 1093, 1096 (Ind. Ct. App. 1986).

Plaintiffs' claims all arise from the same "aggregate of operative facts" as did the foreclosure complaint filed in Clark County Circuit Court. Plaintiffs' claims of fraud, breach of fiduciary duty, and violation of the Anti-Tying Act all arose from the same promissory note and mortgage that were the subject of the Clark County Circuit Court litigation. The Indiana Court of Appeals has found that the Plaintiffs here were properly served under Indiana state law, and therefore the Plaintiffs should have filed the claims now before this Court during the Indiana litigation. For all these reasons, the Court finds that Plaintiffs' claims meet the tests for a compulsory counterclaim under Indiana state law.

It would be wrong to suggest that Plaintiffs' claims are being dismissed on a mere "technicality." The policy of *res judicata* serves important goals. It promotes the finality of judgments and therefore increases certainty, discourages multiple litigations, and conserves judicial resources. *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). In other words, the doctrine "protects . . . adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *United States v. Stauffer Chemical Co.*, 684 F.2d 1174, 1180 (6th Cir. 1982). *Res judicata* also promotes comity between the state and federal courts. *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980). The doctrine is far more than a mere technicality and in fact achieves significant judicial goals. Dismissing the claims here on *res judicata* grounds promotes all of these important objectives.

One final matter deserves brief discussion. The Court understands that a Petition to

Transfer filed by Plaintiffs is pending before the Indiana Supreme Court.  If the Indiana Supreme Court ultimately decides that service of process was improper, Plaintiffs will have an opportunity to file these claims in the Clark County Circuit Court as compulsory counterclaims.  If the Indiana Supreme Court finds that the service of process was proper, such a decision would not affect the analysis in this case.

      For all these reasons and the Court being otherwise sufficiently advised,

      IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiffs' claims will be DISMISSED with prejudice.

      This is a final order.

cc:    Counsel of Record